---

## THE UNITED STATES *vs.* FAY.

1. The Tombeckbee Bank is not authorised by its charter to discount a note, unless it be expressed on the face of the note, that the same shall be negotiable at said bank.

Error to Mobile Circuit court.

Assumpsit on note, tried before *Taylor*, J.

The plaintiff in error, as the assignee of Stow, Ellis & Co., declared against the defendant, on a promissory note of the following tenor :

"$1361 47-100.                     Mobile, April 4th, 1827.

"Sixty days after date, we promise to pay to the order of Messrs. Stow, Ellis & Co., one thousand three hundred and sixty-four 47-100 dollars, payable and negotiable at the Bank of Mobile.

"HILES & FAY."

The defendant pleaded—

1. *Non-assumpsit;* 2. *Payment.*

9 P                     59

On the trial, in the Circuit court of Mobile, the presiding judge sealed a bill of exceptions, which discloses that "the plaintiff offered the note described in the declaration, and proved that it had been discounted at the Tombeckbee Bank before its maturity, and that it had subsequently been transferred to the United States, by the bank, for a valuable consideration. The defendant proved that he was the legal owner, for a valuable consideration, of a paper in the following words, to wit: 'Good for twenty-five hundred, eighty-three 25 100 dollars, on demand, for value received. 20 May, 1826.

                                    S row, Ellis & Co.'

And that he held the same before notice of the discount of the note declared on by the plaintiff, by the bank, and before notice that it was the property of the bank. The plaintiff objected to this paper in off set, on the ground, that the note declared on, was not such an one as entitled the defendant to any off set on any account whatever: the court overruled the objection, and permitted the paper to be read to the jury, and allowed in off-set. To all which the plaintiff," &c. excepted, &c. And judgmennt having been rendered against the plaintiff, a writ of error is prosecuted to this court for its revision.

*Hopkins*, for plaintiff in error.
*Stewart*, contra.

COLLIER, C. J.—It will be observed the note sued on, is not, in express terms, made negotiable at the Tombeckbee, but at the Mobile Bank. Had the note been discounted by the latter bank, there could be no doubt, but

the off-set offered by the defendant, would have been inadmissible; or had a writing been simultaneously executed by the defendant to Stow, Ellis & Co., showing the intention of the parties, that the paper was to be put in market, all sets-off against a holder, who acquired it in the regular course of business, would have been waived. Thus far, the case of Emanuel vs. Atwood, (6 Porter's Rep. 384,) is directly in point. Whether the case at bar comes within the principle of that decision, we need not enquire, as we shall presently see, that the admission of the defence by the Circuit court, if erroneous, was an error by which the plaintiff could not have been prejudiced.

By the third section of the "act to establish the Tombeckbee Bank," &c. it is enacted "that if any person or persons shall be indebted to said corporation, as maker or endorser of any note, bill, or bond, expressly made negotiable and payable at said bank, and shall delay payment thereof, it shall be lawful for the corporation, after having given at least ten days notice thereof, and producing to the court before whom the motion is made, the certificate of the President of the Bank, that the debt is really and *bona fide* the property of the bank, to move for judgment and the award of execution, against such debtor or debtors, his, her, or their heir, or heirs, executors, or administrators, in any court of record within this territory : *Provided always*, that if the defendant or defendants shall appear and contest the claim, the court shall *instanter* empannel a jury to try the issue, and thereon give judgment accordingly : *And provided, also*, that no note, bill or bond, shall be negotiable at said bank, un-

less it shall be expressed on the face of such note, bill or bond, and all debts from the said corporation, by bond, bill, note or otherwise, to any individual, or body corporate, may be sued for and recovered in like manner"— (Toulmin's Laws of Ala. 44.)

It has been argued for the defendant, that the second *proviso* of this section, clearly inhibited the Tombeckbee Bank from discounting the note which the present action was brought to recover—that the bank did not acquire the legal title by its purchase, and consequently, could not make the plaintiff the *legal proprietor* of the note.

For the plaintiff, it was insisted that the *proviso*, when correctly interpreted, does not confine the discounts of the bank, to paper made negotiable there *in totidem verbis*, but is only intended as a denial of the summary remedy provided by the first part of the section, on such paper as does not express on its face, that it is there negotiable.

If the argument for the plaintiff is well founded, the *proviso* must be quite unnecessary, for, from what precedes it, it will be seen that the remedy by notice and motion, is only given where *the note, bill or bond, is expressly made negotiable and payable at the bank.* It is a cardinal rule in the construction of statutes, that they must be so interpreted, that if it can be prevented, no clause, sentence or word, shall be superfluous, void or insignificant—(Dwarris on Statutes, 658.) We think it entirely practicable, to give effect to the entire section, including its *provisoes*, without the rejection of any term as unmeaning. In truth, it speaks its own meaning, with so much clearness as to leave but little room for the

application of the rules of interpretation. The *proviso* was evidently intended to declare what description of paper the bank might purchase by an advance of money. The word "negotiable," as used in the *proviso*, means "that may be passed by assignment or endorsement, to vest the property in the bank"—(2 Bouvier's Law Dic. 169)—and the term " discounted," as employed in the bill of exceptions, signifies "an advance of a sum of money, less than that expressed in the note, on the payee's transferring the title to the same to the bank. The act of discounting, was then in derogation of the charter, and inhibited by it, so that the bank did not acquire a legal title in the note, and consequently, could make no transfer, which would invest its assignee with the right to maintain an action.

If, from a view of the charter in all its parts, the intention of the Legislature appeared to be adverse to the conclusion we have stated, we should endeavor to give effect to that intention, if it were possible, without doing too great violence to the language employed. But we cannot discover that a literal interpretation of the second *proviso* is opposed by any thing found in the act, and, judging by the acknowledged rules for the exposition of statutes, we cannot say that the Legislature intended any thing else, than they have there said.

We have said that the plaintiff, claiming title through the bank, could not recover in this action ; because, the bank never having had the *legal property* in the note, could not transfer it to the United States. It is, then, clear, that the plaintiff was not injured by the allowance of the off-set by the Circuit court, and therefore, whether

the decision of that court was conformable to law, is entirely immaterial.

That the Tombeckbee Bank might, under some circumstances, have acquired an equitable interest in the note, we think more than possible—and only determine, that it could not have "*discounted*" it, according to the sense in which that term is understood in banking operations.

The result is, that the judgment must be affirmed.